# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SINO STAR GLOBAL LTD., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SHENZHEN HAOQING TECHNOLOGY § <br> CO., LTD., § <br> § <br> *Defendant.* § | Civil Action No. 4:22-CV-00980 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Sino Star Global LTD.'s Motion for Leave to Effect Alternative Service on Shenzhen Haoqing Technology Co., Ltd. (Dkt. #7). Having considered the motion, the pleadings, and the applicable law, the Court finds that the motion should be **GRANTED**.

### BACKGROUND

This case involves allegations of patent infringement. On November 18, 2022, Sino Star Global Ltd. ("Sino Star") filed a complaint in which it accused Shenzhen Haoqing Technology Co. ("Haoqing") of infringing two patents held by Sino Star (Dkt. #1). Sino Star is a limited liability company organized under the laws of the British Virgin Islands (Dkt. #1 ¶ 2). Likewise, Haoqing is Chinese corporation located in Shenzhen, China (Dkt. #1 ¶ 3).

Four days after filing its complaint, Sino Star sent two packages containing the complaint, summons, and documents requesting that Haoqing waive service under Federal Rule of Civil Procedure 4(d) to addresses in Shenzhen affiliated with Haoqing (Dkt. #7, Exhibit A at pp. 2–5). On the same day, Sino Star also sent electronic copies of the same documents to yangzechuang@haoqingtech.com, an email address that Haoqing listed on public filings with the

Federal Communications Commission (Dkt. #7, Exhibit A at pp. 6–7). On November 28, 2022, FedEx informed Sino Star that one of the packages was refused by the recipient while the other was supposedly shipped to an incorrect address (Dkt. #7, Exhibit A at pp. 4–5). Haoqing did not respond to any of Sino Star's initial correspondence.

Some months later, Sino Star made a second attempt to contact Haoqing. On February 6, 2023, Sino Star sent waiver-of-service documents via email to four email addresses associated with Haoqing: yangzechuang@haoqingtech.com (the address disclosed in Haoqing's FCC filings), yangzechuang@boyue.com, linli@haoqingtech.com, and 1814261404@qq.com. (Dkt. #7, Exhibit A at pp. 8–12).[1] Three days later, Sino Star sent two additional packages containing waiver-of-service forms to Haoqing's locations in Shenzhen (Dkt. #7, Exhibit A at pp. 13–14). Both packages were successfully delivered (Dkt. #7, Exhibit A at pp. 13–14). At present, Haoqing has not responded to any of Sino Star's correspondence.

Sino Star now asks the Court for permission to serve Haoqing via email under Federal Rule of Civil Procedure 4(f)(3) (Dkt. #7).

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) governs the service of parties in foreign countries. Under Rule 4(f), an individual may be served in a foreign country by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention. FED. R. CIV. P. 4(f)(1). Rule 4(f) also permits service "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). Service under the Hague Convention, which is set out in Rule (4)(f)(1) does not displace Rule (4)(f)(3). *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) (noting that the Hague Convention "does

---

[1] The email sent to yangzechuang@boyue.com bounced back due an invalid address (Dkt. #7, Exhibit A at p. 11).

not displace" Rule 4(f)(3)). Nor is service under Rule (4)(f)(3) a "last resort" or a form of "extraordinary relief." *Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co. Ltd.*, No. 2:21-CV-00378, 2022 WL 1271706, at *2 (E.D. Tex. Apr. 28, 2022). Rather, Rule 4(f)(3) provides that service on a foreign defendant is proper when it is effected through a "court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (citing *Mullane v. Cent. Hanover Bank & Tr. Co*, 339 U.S. 306, 314 (1950)). Courts typically order service under Rule 4(f)(3) after considering the delay and expense associated with conventional means of service and any special circumstances that justify court intervention. *Viavi*, 2022 WL 1271706, at *2. In determining whether alternative service is appropriate under Rule 4(f)(3), courts enjoy "broad discretion." *Id.*

## ANALYSIS

Sino Star asks the Court to authorize service via email under Rule 4(f)(3) (Dkt. #7 at p. 10). Specifically, Sino Star seeks to serve Haoqing through emails sent to three addresses: yangzechuang@haoqingtech.com, linli@haoqingtech.com, and 1814261404@qq.com. Sino Star has previously attempted to contact Haoqing through these email addresses and it has confirmed that all three are valid (Dkt. #7 at p. 9).

In evaluating whether service via email is proper here, the Court must determine whether such service is "prohibited by international agreement" and whether it is reasonably calculated to notify Haoqing of the case and to afford it an opportunity to present objections. *See Viahart*, 2022 WL 445161, at *3. The Court finds that Sino Star's request passes muster on both prongs of this analysis, and, as a result, it will grant Sino Star's motion.

As an initial matter, service via email is not prohibited by international agreement. Although China is a signatory to the Hague Convention, that agreement does not prohibit by service by email. *See, e.g.*, *Viahart*, 2022 WL 445161, at *3; *Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.*, 312 F.R.D. 329, 331–32 (S.D.N.Y. 2015); *Lexmark Intern., Inc. v. Ink Techs. Printer Supplies*, LLC, 291 F.R.D. 172, 174–75 (S.D. Ohio 2013) (collecting cases). Indeed, the Fifth Circuit has previously allowed email service of defendants located in China. *Viahart*, 2022 WL 445161, at *3 (noting that email service of defendant located in China was "not prohibited by international agreement").

Further, the Court finds that service via email is reasonably calculated, under the circumstances, to provide Haoqing with notice of this suit. *See Viahart*, 2022 WL 445161, at *3. Sino Star has demonstrated that it has previously sent email correspondence to the addresses in question without issue and that at least one of the addresses comes from a government filing made by Haoqing (Dkt. #7, Exhibit A). When faced with similar circumstances, courts have found that email service comports with due process as it is reasonably calculated to apprise the defendant of the suit. *Viavi*, 2022 WL 1271706, at *2; *Sulzer*, 312 F.R.D. at 331. The Court reaches the same conclusion here.

Finally, the cost and delay associated with traditional means of service justifies court intervention here. This case has already been pending for nearly five months. In that time, Sino Star has made several unsuccessful attempts to contact Haoqing regarding an agreement to waive service (Dkt. #7, Exhibit A). Service through traditional means—which would require Sino Star to provide Chinese translations of the documents to be served by a central authority in China—would likely mean an additional six months of delay. *China- Central Authority & Practical Information*, HAGUE CONF. ON PRIVATE INTER. L., https://www.hcch.net/en/states/authorities

/details3/?aid=243 (last visited Mar. 31, 2023) ("Time for execution of request: Around 6 months"). To avoid this unnecessary delay, and the additional expenses that it would bring, the Court will grant Sino Star's request for alternative service. *Terrestrial Comms LLC v. NEC Corp.*, No. 6-20-CV-00096, 2020 WL 3452989, at *4 (W.D. Tex. June 24, 2020) ("This Court previously held that seeking to avoid unnecessary delay and expense in serving a foreign defendant through the Hague Convention is a valid reason to grant alternative service.").

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Leave to Effect Alternative Service on Shenzhen Haoqing Technology Co., Ltd. (Dkt. #7) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff serve Shenzhen Haoqing Technology Co., Ltd. via email. The email sent for this purpose must include the same information that would be delivered through traditional in-person service under Federal Rule of Civil Procedure 4.

It is further **ORDERED** that, upon completion of email service, Plaintiff shall file a notice supported by a declaration as to the completion of email service, along with a copy of the email as sent and any supporting documents or attachments, all of which shall establish the effective date of service upon Shenzhen Haoqing Technology Co., Ltd.

**IT IS SO ORDERED.**

SIGNED this 3rd day of April, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE