# United States District Court

## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| SINO STAR GLOBAL LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:22-cv-980 |
| | § | Judge Mazzant |
| SHENZHEN HAOQING | § | |
| TECHNOLOGY CO., LTD., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Sino Star Global Ltd.'s Motion for Default Judgment (Dkt. #20). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This is a patent case in which Plaintiff alleges that Defendant infringed U.S. Patent Nos. 7,304,635 (the "'635 Patent") and 7,009,596 (the "'596 Patent") (collectively, "the Asserted Patents") (Dkt. #1 at ¶¶ 29, 42). The Asserted Patents relate to systems and methods for presenting electronic content in a book-like interface (Dkt. #1 at p. 5). Plaintiff's Complaint alleges that Defendant manufactures and sells products incorporating e-book platforms and systems that infringe on the Asserted Patents (Dkt. #1 at pp. 6–9). Plaintiff further alleges that Defendant has had knowledge of the Asserted Patents since at least August 31, 2022—when it received a notice letter from Plaintiff—but nonetheless continues to infringe (Dkt. #1 at ¶¶ 32, 46). To date, Defendant has not answered or otherwise responded to the Complaint. The issue before the Court, then, is whether it should award a default judgment of infringement and further award damages,

including reasonable royalties, treble damages, litigation costs, pre- and post-judgment interest, and attorneys' fees (Dkt. #20 at pp. 3–7).

On November 18, 2022, Plaintiff filed suit (*See* Dkt. #1). On April 18, 2023, Plaintiff served Defendant, who has yet to respond or appear (Dkt. #1 at p. 5). On November 22, 2023, the Clerk entered default (Dkt. #20 at p. 7). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *N.Y. Life Ins. Co.*, 84 F.3d at 141. Second, the clerk may enter default when the default is established by affidavit or otherwise. *Id*. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. *Id*.

Furthermore, Rule 55(b)(2) grants a district court wide latitude to exercise its discretion in entering a default judgment. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). By defaulting, a defendant admits a plaintiff's well-pleaded factual allegations. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). However, a defendant's default does not concede the truth of the Complaint's damages-related allegations. *Jackson v. FIE Corp.*, 302 F.3d 151, 524–25 (5th Cir. 2002).

## ANALYSIS

Plaintiff's Motion presents two issues for the Court to resolve, namely (1) whether a default judgment is proper, and (2) what amount of damages Plaintiff is entitled to, if any. For the reasons discussed below, the Court finds that a default judgment is indeed proper, entitling Plaintiff to reasonable royalties and treble damages for a total of $782,257.05.

## I.    Whether a Default Judgment is Proper

To determine whether a default judgment is proper, courts in the Fifth Circuit examine (1) whether entry of default is procedurally warranted, (2) whether a sufficient basis on the substantive merits exists in the pleadings for judgment, and (3) what form of relief, if any, a plaintiff should receive. *See Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citations omitted) (cleaned up). The Court will analyze each factor in turn below.

### A.    Whether a Default Judgment is Procedurally Warranted

The Court begins by considering whether a default judgment is procedurally warranted. In *Lindsey*, the Fifth Circuit identified six factors relevant to this inquiry:

> (1) Whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (cleaned up).

After reviewing Plaintiff's Motion, the Court agrees that a default judgment is procedurally warranted because Plaintiff established the grounds for default, a default judgment will not substantially prejudice Defendants, and no evidence of a good faith mistake by Defendant exists.

### 1.    No issues of material fact are present.

First, there are no material issues of fact in this case. "The defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact, [and] is concluded on those facts by the judgment . . . ." *Nishimatsu Constr. Co.*, 515 F.2d at 1206 (internal citations omitted). Because Defendant did not answer Plaintiff's Complaint or otherwise appear, Defendant admits Plaintiff's well-pleaded allegations of fact, except regarding damages. *See id.*; *see also Rivera v. Evergreen Fabrication & Indus. Services, Inc.*, No. 1:14-CV-76, 2015 WL 10793687, at *3 (E.D. Tex. Aug. 12, 2015) (finding that a defendant admitted the plaintiff's allegations of fact by failing to answer "apart from those relating to the amount of damages"). Therefore, there are no issues of material fact regarding liability.

### 2.    A Default judgment would not be harsh or result in substantial prejudice to Defendant.

Next, entry of a default judgment against Defendant would not be harsh or prejudicial for several reasons. To start, Defendant did not respond to Plaintiff's asserted claims despite having had ample notice since at least November 18, 2022, when Plaintiff filed its Complaint (Dkt. #1). Plaintiff's summons as to Defendant was also returned executed on April 20, 2023 (*See* Dkt. #9). Defendant's ample opportunity to respond after receiving notice of this action contradicts the idea that a default judgment would be harsh. *See Cunningham v. Crosby Billing Servs., Co.*, Civ. A. No. 4:18-CV-00043, 2018 WL 6424792, at *3 (E.D. Tex. Oct. 14, 2018). In fact, any prejudice arising from this case would affect Plaintiff, not Defendant, because Defendant's failure to respond "threatens to bring the adversary process to a halt." *Ins. Co. of the W. v. H&G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).

4

Further, taking the Complaint's well-pleaded facts as true, Plaintiff asserted a valid cause of action for patent infringement (*See generally* Dkt. #1). *See infra* at 6–8. Finally, Plaintiff properly requested that the Clerk enter default in its favor (*See* Dkt. #21; Dkt. #22). A default judgment would therefore be neither harsh nor result in substantial prejudice to Defendant.

### 3.    Grounds for a default judgment are clearly established.

Next, the grounds for default judgment are clearly established. Default occurs when a defendant fails to answer or otherwise respond to the Complaint within the time required by Rule 12. *See* FED. R. CIV. P. 12(a), 55(a); *N.Y. Life Ins. Co.*, 84 F.3d at 141. When a defendant's failure to respond is "plainly willful, as reflected by [a defendant's] failure to respond to either summons and complaint, the entry of default, or the motion for default," then grounds for default are clearly established. *Graham*, 2017 WL 2600318, at *2 (quoting *Holladay v. OTA Training, LLC*, No. 3:14-CV-0519-B, 2015 WL 5916440, at *4 (N.D. Tex. Oct. 8, 2015)).

Here, Plaintiff perfected service of process on Defendant on April 20, 2023 (Dkt. #10). It was then incumbent upon Defendant to answer the Complaint or otherwise respond, but Defendant neglected to do so. Worse yet, Defendant *still* has not served or filed any responsive pleadings to the request for entry of default or the present Motion. Defendant's consistent failure to respond is egregious enough to be fairly characterized as "plainly willful." *Graham*, 2017 WL 2600318, at *2 (quoting *Holladay*, 2015 WL 5916440, at *4). Thus, the Court finds that the grounds for default against Defendant are clearly established.

### 4.    Default is not due to excusable neglect or good faith mistake.

Finally, Defendant did not default due to excusable neglect or a mistake in good faith. Again, Plaintiff properly served Defendant (Dkt. #11). Defendant did not respond, let alone offer evidence that its silence was due to a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.

5

Nothing in the record indicates that Plaintiff contributed to the delay of this action or otherwise gave the Court reason to set aside the entry of default. Accordingly, Defendant's default was not excusable—it was procedurally warranted. *See id.*

## B.    The Pleadings' Basis for a Default Judgment

Having concluded that a default judgment is procedurally warranted, the Court must now determine if there is a sufficient basis for judgment regarding Plaintiff's causes of action for direct infringement, induced infringement, and willful infringement. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. Although Defendant is deemed to have admitted the allegations set forth in the Complaint regarding entry of default, the Court must still review the pleadings to determine whether the Complaint presents a sufficient basis for relief. *See id.* The Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). "Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted)). The Court will now examine Plaintiff's allegations as to each form of infringement, starting with direct infringement.

### 1.    Plaintiff has plausibly pleaded direct infringement under 35 U.S.C. § 271(a).

To state a claim for direct infringement, a plaintiff need only allege facts giving rise to a plausible inference and fair notice of infringement by identifying the accused products and alleging that the accused products meet each and every element of at least one claim of the asserted patents.

*See CXT Sys., Inc. v. Acad., Ltd.*, No. 2:18-CV-0171-RWS-RSP, 2019 WL 1858301, at *3 (E.D. Tex. Mar. 11, 2019) (citing *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)).

Here, Plaintiff plausibly pleaded direct infringement under 35 U.S.C. § 271(a). First, Plaintiff identified Defendant's e-books as the accused products for both Asserted Patents in the Complaint and accompanying infringement charts (*See* Dkt. #1 at ¶¶ 29–30, 42–43; Dkt. #1-3 at p. 2 ("'Accused Instrumentalities' as used herein refers to at least electronic devices for reading information with a book interface (e.g., e-readers, tablets) including at least [Defendant's] Meebook P78 Pro product.")). Second, Plaintiff's Complaint alleges that the Accused Instrumentalities meet each and every element of at least Claim 1 of the '635 Patent and "one or more claims" of the '596 Patent, whether literally or under the doctrine of equivalents (*See* Dkt. #1 at ¶¶ 31, 42, 45). Taking the allegations in Plaintiff's Complaint as true, Plaintiff has "raise[d] a right to relief above the speculative level." *See Wooten*, 788 F.3d at 498. Thus, the Complaint provides a sufficient basis to award a default judgment as to direct infringement of both Asserted Patents.

### 2. Plaintiff has plausibly pleaded induced infringement under 35 U.S.C. § 271(b).

Again, Plaintiff plausibly pleaded induced infringement under 35 U.S.C. § 271(b). To state a claim for induced infringement, a plaintiff must plead facts showing that the accused infringer specifically intended that another party infringe and knew that the other party's acts constituted infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (citing *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012)).

Here, Plaintiff pleaded that Defendant harbored specific intent to infringe the Asserted Patents (*See* Dkt. #1 at ¶¶ 33, 35, 47, 49; Dkt. #1-3 at p. 2). Plaintiff further pleaded that Defendant did so knowing that Defendant's "partners and customers" would infringe, in part, by distributing

the Accused Instrumentalities (Dkt. #1 at ¶¶ 34, 48). As a result, the Court finds that Plaintiff pleaded sufficient facts at this stage to justify a default judgment of induced infringement as to both Asserted Patents. *See Wooten*, 788 F.3d at 498.

### 3.    Plaintiff has plausibly pleaded willful infringement.

Once more, Plaintiff plausibly pleaded willful infringement. To state a claim for willful infringement, a plaintiff must plead facts showing that (1) the defendant knew of the asserted patent; (2) the defendant infringed the asserted patent after learning of it; and (3) the defendant knew or should have known that its conduct constituted patent infringement. *See BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 774 (W.D. Tex. 2022).

Plaintiff's Complaint plausibly alleges each element of a willful infringement claim. First, Plaintiff alleges that Defendant "had actual knowledge" of the Asserted Patents at least as of August 31, 2022, when it received Plaintiff's notice letter (Dkt. #1 at ¶¶ 32, 35, 46, 49). *Cf. Eyevac, LLC v. VIP Barber Supply, Inc.*, No. 1:22-CV-00902-DII, 2024 WL 1556457, at *4 (W.D. Tex. Apr. 10, 2024) (finding no willful infringement when the plaintiff "does not allege that [the defendant] had actual knowledge" of the asserted patent). Second, Plaintiff alleges that, after having obtained actual knowledge of the Asserted Patents, Defendant infringed at least by "distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities" (Dkt. #1 at ¶¶ 34, 48). Finally, the Complaint alleges that Defendant specifically intended to infringe the Asserted Patents or was willfully blind to its infringement because it "had actual knowledge . . . that its acts were inducing infringement" (Dkt. #1 at ¶¶ 33–36, 46–50). Assuming "all the allegations in the complaint are true (even if doubtful in fact)", *Wooten*, 788 F.3d at 498, the Court finds that they warrant a default judgment of willful infringement as to both Asserted Patents.

## II.    Form of Relief

Having found that Plaintiff alleged a sufficient basis for relief as to direct, induced, and willful infringement, the Court's next task is to determine the form of that relief. *See Graham*, 2017 WL 2600318, at *1. "A defendant's default concedes the truth of the allegations of the [c]omplaint concerning the defendant's liability, but not damages." *Ins. Co. of the W.*, 2011 WL 4738197, at *4 (citations omitted). In other words, although the factual allegations in Plaintiff's Complaint are taken as true upon entry of default, this rule does not extend to allegations regarding the amount of damages. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206; *Rivera*, 2015 WL 10793687, at *3. Consequently, a hearing or detailed affidavits establishing the facts necessary to award damages are usually required unless the amount of damages is capable of mathematical calculation by reference to the pleadings and supporting documents. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James*, 6 F.3d at 310. Here, Plaintiff requests reasonable royalties, treble damages, litigation costs, and pre- and post-judgment interest (Dkt. #20 at pp. 7–11). Plaintiff's affidavits and supporting documents are sufficiently detailed that the Court can determine the damages award without a hearing. *See James*, 6 F.3d at 310. Thus, the Court will now assess Plaintiff's basis for claiming entitlement to each form of relief, starting with reasonable royalties.

### A.    Plaintiff is entitled to reasonable royalties.

The Court finds that Plaintiff is entitled to reasonable royalties arising from direct and induced infringement. "Patent owners who prove infringement under § 271 are entitled to relief under § 284, which authorizes 'damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer.'" *WesternGeco LLC v. ION Geophysical Corp.*, 585 U.S. 407, 410–11 (2018). "While 'damages may not be determined by mere speculation or guess, it will be enough if the evidence show[s] the extent of

the damages as a matter of just and reasonable inference, although the result be only approximate.'" *DSC Comm'ns Corp. v. Next Level Commc'ns*, 107 F.3d 322, 330 (5th Cir. 1997). "[I]f actual damages cannot be ascertained with precision because the evidence available from the infringer is inadequate, damages may be estimated on the best available evidence, taking cognizance of the reason for the inadequate of proof and resolving doubt against the infringer." *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-CV-468, 2009 WL 4723733, at *6 (E.D. Tex. Sept. 8, 2009) (citing *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996)).

Here, Plaintiff has satisfactorily estimated the reasonable royalty to which it would be entitled under a hypothetical negotiation between the parties at the time of infringement. *See Cioffieta v. Google, Inc.*, No. 2:13-CV-103-JRG-RSP, 2017 WL 77395, at *1 (E.D. Tex. Jan. 9, 2017). Despite Defendant's unresponsiveness, Plaintiff approximated damages using a sufficiently reliable source containing sales data from a market intelligence provider for the Amazon platform (Dkt. #20 at p. 9; *see generally* Dkt. #20-2). Specifically, Plaintiff estimated a reasonable royalty by: (1) identifying at least seven versions of the Accused Products in Amazon's U.S. marketplace as of December 2024 (Dkt. #20-2 at p. 1); (2) identifying Amazon's estimated monthly sales for the four readers tracked by Amazon's market intelligence provider (Dkt. #20-2 at p. 1); (3) calculating the four e-readers' average monthly sales (Dkt. #20-2 at p. 2); (4) applying that average monthly sales estimate to the three e-readers for which no sales data is otherwise available (Dkt. #20-2 at p. 2); (5) summing monthly sales estimates from November 2018 to January 2024 for all seven e-readers (Dkt. #20-2 at p. 2); and (6) applying a royalty rate of 5.1%—an exemplary rate for electronics as described by a patent licensing royalty website (Dkt. #20-2 at p. 3; *see* Dkt. #20-13 at p. 3).

Plaintiff's calculation is sufficiently detailed to warrant a default judgment on reasonable royalties. To be sure, that is not to say that Plaintiff's calculation is unassailable; a conscientious (or merely responsive) defendant would justifiably critique Plaintiff's approach to estimating damages. But when, as here, the evidence necessary to compute damages with higher precision is absent solely due to Defendant's default and refusal to participate in discovery, the Court is obligated to resolve any doubts regarding the calculation against Defendant. *See Advanced Tech. Incubator, Inc.*, 2009 WL 4723733, at *6 (E.D. Tex. Sept. 8, 2009) ("the remedy is to still estimate damages, based upon the best available evidence, with doubt resolved against [the defendant]"); *Tradearbed Inc. v. W. Bulk Carriers K/S*, 374 Fed. App'x. 464, 471 (5th Cir. 2010) ("[W]here damages are unclear or difficult to prove, 'the court should use the best indication it can obtain rather than deny any recovery.'") (quoting *Interstate Steel Corp. v. S.S. Crystal Gem*, 317 F. Supp. 112, 121 (S.D.N.Y. Feb. 25, 1970)); *see also Keystone Glob. LLC v. Auto Essentials Inc.*, No. 12 Civ. 9077 (DLC)(GWG), 2014 WL 4897104, at *4 (S.D.N.Y. Oct. 1, 2014). Applying these principles, the Court finds that Plaintiff is entitled to a default judgment awarding reasonable royalties for a total of $260,752.35 (*See* Dkt. #20-2 at p. 3). *See WesternGeco*, 585 U.S. at 410–11.

### B.    Plaintiff is entitled to treble damages.

Plaintiff is also entitled to treble damages. "When the damages are not found by a jury, the court shall assess them." 35 U.S.C. § 284. "In either event the court may increase the damages up to three times the amount found or assessed." *Id*. "Awards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016).

In the Court's view, this infringement case is anything but "typical." *See id*. Indeed, despite learning about Plaintiff's infringement allegations through the notice letter sent on August 31, 2002—over two years before Plaintiff filed this Motion—Defendant has yet to muster so much as the faintest legal whisper in response. The Court can think of no more "flagrant" or "wanton" an example of egregious conduct deserving of enhanced damages than that set by Defendant in this case. *See id*. Exercising its discretion, then, the Court awards Plaintiff treble damages for a total of $782,257.05. *See* 35 U.S.C. § 284.

### C.    Plaintiff is entitled to pre- and post-judgment interest and litigation costs.

In the same vein, Plaintiff is entitled to interest and costs. Under 35 U.S.C. § 284, "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. Pre-judgment interest in patent cases "should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *GM Corp. v. Devex Corp.*, 461 U.S. 648, 655–56 (1983); *see Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1353 (Fed. Cir. 2009) ("pre[-]judgment interest is generally awarded"), *Sensonics Inc.,* 81 F.3d at 1574 ("pre[-]judgment interest is the rule, not the exception"). Pre-judgment interest is generally awarded from the date of first infringement to the date of final judgment. *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988). Relatedly, post-judgment interest is mandatory under 28 U.S.C. § 1961, which states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *see also Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 689 (5th Cir. 1989) ("Section 1961 applies to all civil cases in federal courts.").

Because Plaintiff is entitled to a default judgment of direct, induced, and willful infringement, the Court will also award litigation costs, pre-judgment interest, and post-judgment interest "on the entire amount of the final judgment, including damages, pre-judgment interest, and attorneys' fees." *See Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991); *supra* at 6–8. The Court therefore encourages Plaintiff to request litigation costs and reasonable attorneys' fees through supplemental briefing supported by citations to legal authority, affidavits, and billing records, no later than fourteen days from the entry of this Order.

## CONCLUSION

It is therefore **ORDERED** that Defendant shall pay treble damages totaling to $782,257.05, pre- and post-judgment interest, and Plaintiff's reasonable attorneys' fees and costs.

It is further **ORDERED** that Plaintiff file a supplemental submission with this Court establishing Plaintiff's requested pre- and post-judgment interest, reasonable attorneys' fees, and litigation costs no later than fourteen days from the entry of this Order.

**IT IS SO ORDERED.**

**SIGNED this 12th day of June, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE